O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN B. MILLER, | ) NO. ED CV 07-142-E |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OPINION** |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) **AND ORDER OF REMAND** |
| Defendant. | ) |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

### PROCEEDINGS

Plaintiff filed a complaint on February 13, 2007, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on March 6, 2007. Plaintiff filed a motion for summary judgment on

July 24, 2007. Defendant filed a cross motion for summary judgment on August 27, 2007. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed February 14, 2007.

**BACKGROUND**

The Court previously remanded this matter, finding that "the ALJ improperly rejected the opinion of Plaintiff's treating psychiatrist [Dr. Thacker] without inquiring further of the psychiatrist" (Administrative Record ("A.R.") 381). The Court's prior order expressly stated that "the ALJ must recontact Dr. Thacker concerning outstanding issues that must be resolved before a determination of disability can be made" (A.R. 387) (quotations omitted).

On remand, the ALJ did not recontact or inquire further of Dr. Thacker (A.R. 357-65). On remand, the ALJ again denied disability benefits, finding, inter alia, that Plaintiff has no severe mental impairment. Id.

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards. See Swanson v. Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985).

**DISCUSSION**

As Plaintiff correctly contends, this case must be remanded again, if only because the ALJ failed to comply with this Court's prior order. Defendant argues that "this Court's prior order did not require the ALJ to recontact Dr. Thacker" (Defendant's Motion at 5). Defendant's argument ignores both the intent and plain language of the Court's prior order (See, e.g., A.R. 387) ("[T]he ALJ must recontact Dr. Thacker concerning outstanding issues that must be resolved before a determination of disability can be made") (quotations omitted).

The ALJ also erred in finding Plaintiff's alleged mental impairment non-severe. Social Security Ruling ("SSR") 85-28[1] governs the evaluation of whether an alleged impairment is "severe":

> An impairment or combination of impairments is found 'not severe' . . . when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work . . . i.e., the person's impairment(s) has no more than a minimal effect on his or her physical or mental ability(ies) to perform basic work activities . . .

///

---

[1] Social Security rulings are binding on the Administration. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

3

> Great care should be exercised in applying the not severe impairment concept. If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step.
>
> If such a finding [of non-severity] is not clearly established by medical evidence, however, adjudication must continue through the sequential evaluation process. SSR 85-28 at 22-23.

See also Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (error to find impairment not severe when medical evidence is "ambiguous"); Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996) (the severity concept is "a de minimis screening device to dispose of groundless claims").

In the present case, the medical evidence does not "clearly establish [ ]" the non-severity of Plaintiff's alleged mental impairment. Dr. Thacker opined Plaintiff was disabled due to bipolar disorder (A.R. 307). Dr. Gregg, a state agency physician, opined inconsistently: (a) Plaintiff has no severe mental impairment; and (b) Plaintiff's mental impairment moderately limits Plaintiff in relation to working with detailed instructions, moderately limits Plaintiff in relation to working in coordination or proximity with others, and markedly limits Plaintiff in relation to interaction with

1  the general public (A.R. 301-05, 454-67).  Given this evidence, it is
2  less than "clear" that Plaintiff's alleged mental impairment is non-
3  severe, notwithstanding evidence of non-severity supplied by other
4  physicians.²

6       When a court reverses an administrative determination, "the
7  proper course, except in rare circumstances, is to remand to the
8  agency for additional investigation or explanation."  INS v. Ventura,
9  537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is
10 proper where, as here, additional administrative proceedings could
11 remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d
12 599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d
13 1496, 1497 (9th Cir. 1984).
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///

---

² The first ALJ's decision found that Plaintiff "suffers from a severe impairment as a result of a bipolar disorder . . .," although the first ALJ also inconsistently found that Plaintiff's "mental impairments other than alcohol abuse are not severe" (A.R. 18, 23).

**CONCLUSION**

For all of the foregoing reasons,[3] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 14, 2007.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that Plaintiff's suggestion of reversal rather than remand is unpersuasive.